# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES ) <br> 170 S. Lincoln Street ) <br> Suite 150 ) <br> Spokane, WA 99201 ) <br>        Plaintiff, ) <br>    v. ) <br> ) <br> SECURITIES AND EXCHANGE COMMISSION ) <br> 100 F Street NE ) <br> Washington D.C. 20549-2736 ) <br> ) <br>        Defendant. ) | Case No. 22-cv- 2300 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to Plaintiff's request, following the SEC's failure to comply with the express terms of FOIA, including by failing to provide responsive records even months after having its erroneous denial of records remanded for reprocessing. This failure therefore also includes to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), by failing to respond to Plaintiff's request, and by withholding responsive information in violation of Defendant's obligations.

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records laws to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant Securities and Exchange Commission ("SEC") is an independent federal agency located in Washington, DC. The stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation".

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because it has already successfully appealed Defendant's initial denial yet, after remand, Defendant still has refused to produce records or make further, timely "determinations" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. EPA has no obligation to further exhaust administrative remedies with respect to its FOIA request. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. On April 11, 2022, Plaintiff submitted by email a request to Defendant seeking calendars, which term it defined, for two SEC Commissioners over a seven-month period. Plaintiff's

request defined Calendar to include (not mean), e.g., "hard-copy calendars or appointment books whether kept by the Commissioner, his or her Chief of Staff and/or named assistant in whole or in part for the Commissioner; Outlook calendars and any electronic system for maintaining appointments and the like for the Commissioner; calendars on any phone that is or has been used at any time for work-related purposes by the Commissioner or his or her Chief of Staff or named assistant, including but not limited to a phone(s) or other PDA issued to the named individual, whether Google/Gmail, Outlook or other."

9. Plaintiff's request noted that because Commissioner calendars are posted on line, if sometimes as long as two-plus months after the fact, these calendars are derived from particular sources and highly unlikely from memory, Plaintiff sought the original calendars from which the publicly posted calendars are derived.

10. Plaintiff's request noted, *inter alia*, "SEC is one of several federal/independent agencies proceeding on clearly parallel tracks toward regulating, directly or indirectly, greenhouse gases and without any clear congressional instruction or authority to that effect. SEC and FERC are proceeding with remarkably similar approaches and, presumably, independently of any political influence. Any records responsive to this request are of great public interest after FERC Chairman Glick responded unambiguously, in the negative, in testimony before the United States Senate Committee on Energy & Natural Resources on March 3, 2022 about SEC's controversial guidances and policy statements Policies to Guide Natural Gas Project Certifications pertaining to greenhouse gas emissions. Senator Bill Cassidy of Louisiana asked a direct question 'has anyone higher up in the [Biden] administration ever spoken to you in regards to somehow slow-walking or otherwise impeding or otherwise

accentuating policy that would have the effect of impeding the development of natural gas pipelines[?]'. Commission Chairman Glick responded with an unambiguous no."

11. On April 12, 2022, Defendant SEC bifurcated this request, assigning the numbers 22-01625-FOIA (Gensler) and 22-01626-FOIA (Herren Lee), which requests are substantively identical except for the Commissioner whose calendars Plaintiff seeks.

12. On April 13 Defendant granted Plaintiff's request for fee waiver as a media outlet for 22-01626-FOIA, the request at issue here.

13. On April 20, 2022, Defendant denied Plaintiff's request categorically and in full, not by claiming an exemption(s) to FOIA applied but instead on the basis that "that any calendars that may exist were created by staff for their personal use and convenience.  They were not distributed to other employees so they could perform their duties and were not used to conduct agency business. Accordingly, those calendars are not agency records and are therefore exempt from the FOIA", referring Plaintiff to the publicly posted calendars.

14. On April 26, 2022, Plaintiff appealed this denial, arguing in sum that posting select information online does not make other information purely personal. Defendant acknowledged this appeal that same day assigning it number 22-01750-FOIA.

15. Plaintiff noted its appeal is of SEC's denial of one request (as submitted) seeking the same information for two separate SEC officials, which SEC bifurcated and assigned two FOIA requests assigned the numbers 22-01625-FOIA and 22-01626-FOIA, which requests are substantively identical, although for some reason SEC did not expressly deny the former.

16. On May 20, 2022, Defendant ruled in Plaintiff's favor on appeal of the substantively identical (but-for the Commissioner) 22-01626-FOIA, agreeing that "the Outlook calendar maintained by Commissioner Lee is an agency record for purposes of the FOIA", while

claiming "My staff has confirmed that Commissioner Lee does not maintain a "hard-copy calendar or appointment book" or a calendar on a phone that is different than her Outlook calendar.

17. On May 24, 2022, Defendant remanded 22-01626-FOIA assigning it the tracking number 22-00066-REMD.

18. Defendant still has yet to produce any records responsive to 22-01626-FOIA/22-00066-REMD or to make a lawful "determination" regarding that request.

19. As such, Defendant SEC continues to improperly deny Plaintiff access to agency records in violation of FOIA regarding Plaintiff's request.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

20. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

22. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

23. Plaintiff is not required to further pursue administrative remedies.

24. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now produce records responsive to Plaintiff's request, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

25. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

26. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA request described herein.

27. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's request for a fee waiver.

28. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA request described above, and any attachments thereto, at no cost to the Plaintiff.

29. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

30. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

## PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's request for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 4th day of August, 2022,

                                       ENERGY POLICY ADVOCATES
                                       By Counsel:

                                       /s/Matthew D. Hardin
                                       Matthew D. Hardin, D.C. Bar No. 1032711
                                       Hardin Law Office
                                       1725 I Street NW, Suite 300
                                       Washington, DC 20006
                                       Phone: (202) 802-1948
                                       Email: MatthewDHardin@protonmail.com

Christopher Cochran Horner
D.C. Bar #440107
1725 I Street NW, Suite 300
Washington, DC 20006
(202) 262-4458
chris@chornerlaw.com

*Counsel for Plaintiff*